AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Anderson Josue MEDINA and Lucas William LAZAR<br><br>*Defendant(s)* | )<br>)<br>) Case No. 3:23-mj-71168 MAG<br>)<br>)<br>)<br>) |

**FILED**
Aug 03 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 2, 2023__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | Possession with Intent to Distribute a Federally Controlled Substance (cocaine base and/or methamphetamine) |

This criminal complaint is based on these facts:

Please see attached affidavit of DEA TFO Braden Lyons

☒ Continued on the attached sheet.

Approved as to form /s/ AUSA
Michael G. Lagrama

/s/
*Complainant's signature*

Braden Lyons, DEA TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __Telephone__ *(specify reliable electronic means).*

Date: 08/03/2023

*Judge's signature*

City and state: Portland, Oregon

Hon. Thomas S. Hixson, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Braden Lyons, a Task Force Officer with the Drug Enforcement Administration, having been duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and a criminal complaint charging ANDERSON JOSUE MEDINA ("MEDINA") and LUCAS WILLIAM LAZAR ("LAZAR") with violating 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (aiding and abetting), based on their possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base and/or methamphetamine, occurring on or about August 2, 2023, in San Francisco, California, in the Northern District of California.

## SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other law enforcement officers or agents) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4. I am an "investigator or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7) – that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the narcotics offenses enumerated in Title 21 of the United States Code.

5. I am employed by the San Francisco Police Department (SFPD) as a Police Officer and have been so employed since October 2017. I am currently assigned to the SFPD's Narcotics Division, and I am assigned to investigate narcotics trafficking offenses. I am currently assigned as a Task Force Officer (TFO) to the Drug Enforcement Administration (DEA) within the San Francisco Divisional Office in California. I have been assigned as a DEA TFO since April 2022.

6. I graduated from the SFPD academy in June 2018. In the police academy, I received 40 hours of narcotics-related training. I also attended the SFPD Detective School where I received additional narcotics investigations training. The training curriculum covered all aspects of drug investigations, including identification of the various types of controlled substances, physical surveillance, utilization of confidential sources, interview techniques, undercover operations, and the general operation of drug trafficking organizations. The following is a list of courses I have successfully completed that are relevant to my job duties including narcotics-related arrests, investigations, and search warrants: Search Warrant Fundamentals (POST Certified-DOJ), Robert Presley Institute of Criminal Investigation (ICI) 80-hour Core Course, Cellphone Use in Narcotic Investigations (HIDTA), Gangs and Narcotics (HIDTA), Search Warrants and Narcotics Investigations (HIDTA), Northern California Law Enforcement Opioid Conference & Training 2021 (Rx Safe Marin), Confidential Informant Operations & Safety (HIDTA), Fentanyl and Other Synthetic Opiates (Midwest Counter-Drug Training Center), Drug Identification (Professional Law Enforcement Training – Texas), and the 57th Annual California Narcotics Officers Association Training Institute and LE Enforcement

Summit.

7. During the course of my employment as a Police Officer, I have participated in many controlled substance investigations either as a case agent or in a supporting role. I have debriefed confidential sources and witnesses who provided personal knowledge about drug trafficking organizations. In addition, I have discussed with numerous law enforcement officers and confidential sources the methods and practices used by drug traffickers. I have also participated in many aspects of drug investigations including, but not limited to, undercover operations, telephone toll analysis, records research, and physical surveillance. I have also assisted in the execution of numerous federal and state search and arrest warrants regarding illegal narcotics activity, in which suspects were arrested and controlled substances were seized.

8. Through my training, education, experience, and my conversations with other law enforcement agents and officers who conduct drug investigations, I have become familiar with drug traffickers' use of mobile telephones, and their use of numerical codes and code words to conduct their business. By virtue of my training and experience, and through my conversations with other law enforce officers and agents who conduct drug investigations, I have become familiar with drug traffickers' methods of operation including, but not limited to, the manufacturing, distribution, storage, and transportation of controlled substances, and the methods used by drug traffickers to collect, transport, safeguard, remit, and/or launder drug proceeds.

9. I have also had discussions with other law enforcement officers and confidential informants about the packaging and preparation of narcotics, the methods of operation, and security measures that are often employed by narcotics traffickers. I have examined documentation of various methods in which fentanyl and methamphetamine and other illicit drugs are smuggled, transported, possessed with intent to distribute, and distributed.

10. I have personally participated in the investigation discussed in this affidavit. I am familiar with the facts and circumstances of the investigation through my personal participation

in it based on several investigative techniques, including discussions with agents of the DEA and with other law enforcement officers, and review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part. Facts not set forth herein, or in any attached exhibits, are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE STATUTE

11. **Possession of Controlled Substance with Intent to Distribute**. Under Title 21, United States Code, Section 841(a)(1), (b)(1)(C) it is unlawful for any person to knowingly possess with intent to distribute a federally controlled substance. Fentanyl, methamphetamine, cocaine, and cocaine base are federally controlled substances.

## STATEMENT OF PROBABLE CAUSE

12. On August 2, 2023, MEDINA and LAZAR were arrested by DEA agents near Mission Street and Eighth Street, in San Francisco, California, in the Northern District of California. Based on the facts described below, I have probable cause to believe that MEDINA and LAZAR have violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (aiding and abetting), based on their possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base and/or methamphetamine.

13. At approximately 5:20 p.m., on August 2, 2023, law enforcement personnel, from a position of concealment, observed MEDINA and LAZAR through surveillance footage loitering on Mission Street, near the corner of Eighth Street. This is an area of San Francisco known for open-air narcotics dealing. MEDINA was wearing a black jacket, a black A's beanie, and a dark gray backpack. LAZAR was wearing a brown hooded sweater, black pants or sweatpants, and a black backpack. LAZAR also had a black balaclava over his head that was covering his nose and mouth.

14. While loitering on Mission Street, MEDINA and LAZAR would stand next to each other and hand suspected narcotics or U.S. currency to or from each other. Both were seen holding suspected narcotics at different points. Specifically, MEDINA was seen holding in his left hand a plastic bag containing a white substance which, based on my training and experience, was consistent with a controlled substance such as fentanyl or methamphetamine. LAZAR was also seen holding in his right hand a plastic bag containing white substances/suspected narcotics. While MEDINA was seen actively selling narcotics to people on the streets, LAZAR appeared to be handing narcotics to MEDINA and receiving U.S. currency from MEDINA. Agents observed MEDINA complete several hand-to-hand drug transactions or distribute suspected narcotics to people on the streets. For example, during the surveillance, MEDINA was seen receiving U.S. currency from a male, who was wearing a white or light gray hooded sweater, and, in turn, MEDINA handed the male what appeared to be narcotics. In a second observed transaction, MEDINA received U.S. currency from a male, who was wearing a dark green shirt, and, in turn, MEDINA handed the male what appeared to be narcotics. Screenshots of the surveillance video depicting some of the events described above appear below, including the interactions between LAZAR and MEDINA consistent with aiding and abetting each other in the offense, as well as possession of cash and suspected controlled substances:

 

 

15. Based on the above, law enforcement believed probable cause existed to arrest MEDINA and LAZAR for violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § (aiding and abetting).

16. At approximately 5:30 p.m. on August 2, 2023, law enforcement personnel converged on the location where MEDINA and LAZAR were loitering, identified themselves as law enforcement, and detained MEDINA and LAZAR for further investigation.

17. DEA agents arrested MEDINA and LAZAR for possession with intent to distribute controlled substances. On his person or backpack, MEDINA had about 31.1 gross grams of suspected cocaine salt. On his person or backpack, LAZAR had a total of about 364 gross grams of suspected fentanyl that were divided in four separate baggies: 124, 69, 99, and 72

gross grams, respectively. On his person or backpack, LAZAR also had about 53 gross grams of cocaine base and 58 gross grams of methamphetamine.

18. The suspected cocaine salt seized from MEDINA tested inconclusive utilizing a TruNarc testing device. About 124 gross grams of suspected fentanyl that was seized from LAZAR tested presumptive positive for mannitol, which is a cutting agent for fentanyl. The remaining suspected fentanyl seized from LAZAR tested presumptive inconclusive for fentanyl. Based on my training and experience, the suspected fentanyl tested positive for mannitol or tested as inclusive because they contain cutting agents or are otherwise not pure fentanyl. Based on my training and experience, I know that fentanyl is often mixed with a high ratio of cutting agents to increase the volume of the product. It is not uncommon for presumptive field test results to provide a reading of mannitol, inositol, lactose, 4-methylaminorex, cellulose, and other non-narcotic agents and later obtain a confirmatory crime lab report from a criminalist proving the substance does in fact contain fentanyl. I have participated in investigations of clandestine fentanyl laboratories in which large quantities of inositol, mannitol, lactose, and cellulose were observed. Based on my continued training, ongoing education through scholarly journals and professional experience, I believe the substances suspected to be fentanyl seized from LAZAR in this incident will ultimately be determined to contain fentanyl.

19. That said, the approximately 53 gross grams of suspected cocaine base and the 58 gross grams of suspected methamphetamine found in LAZAR's possession tested presumptive positive for cocaine base and methamphetamine, respectively.

20. Based on my training and experience, the amounts of controlled substances that MEDINA and LAZAR possessed when they were arrested on August 2, 2023, were consistent with the amounts possessed for distribution as opposed to mere personal use. They also had an undisclosed amount of U.S. currency consistent with narcotics sales. The amounts of controlled substances, as well as the other facts and circumstances set forth above, further show MEDINA

and LAZAR's intent to distribute the controlled substances that they possessed at the time of their arrest.

21. MEDINA and LAZAR's true identities were confirmed through fingerprinting.

## CONCLUSION

22. Based on the information above, there is probable cause to believe that on or about August 2, 2023, MEDINA and LAZAR have violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 (aiding and abetting) based on their possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base and and/or methamphetamine. Accordingly, I respectfully request that the Court issue a criminal complaint and warrants for their arrest.

*/s/ Braden Lyons*

Braden Lyons
Task Force Officer
Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 3rd day of August 2023.

HON. THOMAS S. HIXSON
United States Magistrate Judge

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** [X] COMPLAINT    [ ] INFORMATION    [ ] INDICTMENT    [ ] SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

21 U.S.C. §§ 841(a)(1), (b)(1)(C)--Possession with Intent to Distribute a Federally Controlled Substance (Cocaine Base and/or Methamphetamine)

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

**PENALTY:** 20 years imprisonment;
$1,000,000 fine;
3 years to life supervised release
$100 special assessment
Forfeiture of drugs and cash; Denial of federal benefits

## DEFENDANT - U.S

**DISTRICT COURT NUMBER**
3:23-mj-71168 MAG

**ANDERSON JOSUE MEDINA**

**FILED**
Aug 03 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## PROCEEDING

**Name of Complaintant Agency, or Person (& Title, if any)**
DEA TFO Braden Lyons

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    [ ] U.S. ATTORNEY    [ ] DEFENSE

**SHOW DOCKET NO.**

[ ] this prosecution relates to a pending case involving this same defendant

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**MAGISTRATE CASE NO.**

Name and Office of Person Furnishing Information on this form: **ISMAIL J. RAMSEY**
[X] U.S. Attorney    [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): **Michael G. Lagrama**

## DEFENDANT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) [ ] If not detained give date any prior summons was served on above charges ▶
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) [X] On this charge
5) [ ] On another conviction    [ ] Federal [ ] State
6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? [ ] Yes   [X] No
If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year 8/2/2023
Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

[ ] This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
[ ] SUMMONS    [ ] NO PROCESS*    [X] WARRANT    Bail Amount:

If Summons, complete following:
[ ] Arraignment    [ ] Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:      Before Judge:

Comments:

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [X] COMPLAINT  [ ] INFORMATION  [ ] INDICTMENT  [ ] SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

21 U.S.C. §§ 841(a)(1), (b)(1)(C)--Possession with Intent to Distribute a Federally Controlled Substance (Cocaine Base and/or Methamphetamine)

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

PENALTY: 20 years imprisonment;
$1,000,000 fine;
3 years to life supervised release
$100 special assessment
Forfeiture of drugs and cash; Denial of federal benefits

### DEFENDANT - U.S

▶ LUCAS WILLIAM LAZAR

DISTRICT COURT NUMBER
3:23-mj-71168 MAG

**FILED**
Aug 03 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
DEA TFO Braden Lyons

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY  [ ] DEFENSE

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: ISMAIL J. RAMSEY

[X] U.S. Attorney  [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Michael G. Lagrama

## DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) [ ] If not detained give date any prior summons was served on above charges ▶ ____
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District) ____

**IS IN CUSTODY**
4) [X] On this charge
5) [ ] On another conviction      } [ ] Federal  [ ] State
6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution ____

Has detainer been filed?  [ ] Yes  [X] No
If "Yes" give date filed ____

**DATE OF ARREST** ▶ Month/Day/Year  8/2/2023

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year ____

[ ] This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
[ ] SUMMONS  [ ] NO PROCESS*  [X] WARRANT     Bail Amount: ____

If Summons, complete following:
[ ] Arraignment  [ ] Initial Appearance
Defendant Address:

\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: ____     Before Judge: ____

Comments: